**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**MAJID HOSSEINI**                                     **CASE NO.  1:26-CV-0184 SEC P**

**VERSUS**                                             **JUDGE DAVID C. JOSEPH**

**WARDEN,   RIVER   CORRECTIONAL**          **MAGISTRATE JUDGE LEBLANC**
**CENTER**

<u>**MEMORANDUM ORDER**</u>

Pro se plaintiff Majid Hosseini filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 22, 2026.  Petitioner is an immigration detainee in the custody of the Department of Homeland Security / U.S. Immigration and Customs Enforcement ("DHS/ICE") and is incarcerated at the River Correctional Center in Ferriday, LA.  Petitioner alleges that his continued detention is unconstitutional and requests immediate release from detention.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

*Factual Background*

Petitioner asserts that he was taken into immigration custody on June 10, 2024.  Doc. 1, p. 4, ¶ 11.  According to the automated case information for the Executive Office for Immigration Review, he was granted a Deferral of Removal under the Convention Against Torture (CAT) on February 20, 2025,[1] yet he remains in detention as of the date of this Order.

To determine what action should be taken with respect to this petition,

**THE CLERK IS DIRECTED** to serve a summons, a copy of the petition (rec. doc. 1), and a copy of this Order, by certified mail, on the United States through the United States Attorney

---

[1] https://acis.eoir.justice.gov/en/caseInformation

for the Western District of Louisiana, the United States Attorney General, U.S. Immigration and Customs Enforcement (DHS/ICE)-Office of General Counsel, and the Warden of the River Correctional Center.

**IT IS ORDERED** that Respondents file an answer to the petition within sixty (60) days following the date of service. Respondents shall also file a memorandum of law briefing the issues raised in the answer and citing applicable statutory and case law. The memorandum should also address whether there is a significant likelihood of removing Petitioner from the United States in the reasonably foreseeable future.

**IT IS FURTHER ORDERED** that Petitioner will be given thirty (30) days following the filing of Respondents' answer to produce contradictory summary judgment evidence[1] on the issue of the lawfulness of his detention.

All documentary exhibits **MUST BE APPROPRIATELY BOUND AND THE PAGES MUST BE NUMBERED**. An index describing each item attached to the response and showing each item's page number shall also be attached.

**FINALLY, IT IS ORDERED** that, as a condition to their acceptance by the Clerk, all future filings by Petitioner and Respondents shall include a certificate stating that a copy thereof has been mailed to all other parties.

**After the record is complete and all delays have run, the Court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an**

---

[1]Summary judgment evidence consists of affidavits or unsworn declarations made in accordance with 28 U.S.C. § 1746, deposition testimony, answers to interrogatories, admissions, and sworn or certified copies of all papers referred to. All affidavits or unsworn declarations must comply with Rule 56(e). They shall be made on personal knowledge and set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

**evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.**

       **THUS DONE AND SIGNED** in chambers this 26th day of February, 2026.

                       THOMAS P. LEBLANC
              UNITED STATES MAGISTRATE JUDGE